IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| BOBBY L. JONES | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-289 |
| | § | |
| FIDELITY NATIONAL PROPERTY | § | |
| and CASUALTY INSURANCE COMPANY | § | |

## OPINION AND ORDER

Before the Court, with the consent of the Parties, is the Motion for Summary Judgment of Defendant, Fidelity National Property and Casualty Insurance Company (Fidelity). The Motion is ripe and it will be granted.

When the property of Plaintiff, Bobby L. Jones, was damaged by Hurricane Ike it was insured by Fidelity under a Standard Flood Insurance Policy (SFIP). Jones was paid for three separate proofs of loss, however, Fidelity denied the claim made by Jones in a fourth proof of loss because, *inter alia*, his "estimate included damage outside the scope of covered repairs." Jones sued Fidelity on July 28, 2010.

The fourth proof of loss was submitted to Fidelity on April 27, 2010, approximately nine months after the expiration of the final proof of loss extension granted by FEMA and it was, therefore, untimely. Since FEMA's Federal Insurance Administrator has not granted Jones a waiver of the proof of loss requirement his lawsuit must be dismissed. Absent a waiver, a timely proof of loss is a condition precedent to the filing of suit against a WYO carrier for additional benefits, Richardson v. American Bankers Insurance Co., 279 F.Appx. 295 (2008 WL 510518 (C.A. 5 (La.)), see also, Jamal v. Travallers Lloyds of Texas Insurance Co., 131 F.Supp. 2d 910

(S.D. Tex. 2001) (citing Flick v. Liberty Mutual Fire Insurance Co., 205 F.3d 386, 397 (9th Cir. 2002)); its absence relieves the carrier from any obligation to pay what otherwise might be a valid claim. Gowland v. Aetna, 143 F.3d 951, 954 (5th Cir. 98).

This Court finds Jones' attempt to evade his untimeliness by asserting that his fourth proof of loss is not seeking "additional" benefits but "merely seeking the full amount of benefits he has been owed since he (first) made his claim" unpersuasive. In Kidd v. State Farm Fire & Casualty Insurance Co., 392 F.Appx. 241, 210 WL 3034502 (c.a. 5) (Miss.)). The Fifth Circuit in reliance on, *inter alia*, Marseilles Homeowners Condominium v. Fidelity National Insurance Co., 542 F.2d 1053, 1055-56 (5th Cir. 2008), held that the Plaintiffs could not recover the difference between what they had been paid and the total cost of their repairs, up to the policy limits, "because they failed to submit a *timely* sworn proof of loss establishing the additional claimed amount." Id. at 245 n.3 (emphasis added)

Jones' attempt to avoid summary judgment by reliance on his June 21, 2010, demand for an appraisal following the submission of his fourth proof of loss is without merit. According to Jones, Fidelity breached the SFIP by refusing to appoint an appraiser and participate in the appraisal process. Even if such a claim could survive the impediment of his untimely proof of loss – which the Court severely doubts – it is clear from the summary judgment evidence that at the time of Jones' demand there were coverage disputes which precluded appraisal. Appraisal is only appropriate when the sole dispute involves the value of the agreed damages. See Dwyer v. Fidelity National Property and Casualty Insurance Co., 565 F.3d 284, 286-88 (5th Cir. 1990). Jones' suggestion that Fidelity was obligated to participate in a piecemeal appraisal of each item of property damage, if any, that Fidelity conceded was covered, is not supported by any authority.

However, in <u>De La Cruz v. Bankers Insurance Co.</u>, 237 F.Supp. 2d 1370, 1375 n.3 (S.D. Fla. 2002), the District Court seems to suggest that a partial appraisal may be appropriate. Regardless, there was no such concession of coverage by Fidelity in the instant case.

For the foregoing reasons, it is **ORDERED** that the Motion for Summary Judgment (Instrument no. 19) of Defendant, Fidelity National Property and Casualty Insurance Company, is **GRANTED** and the Original Complaint of Plaintiff, Bobby L. Jones, is **DISMISSED**.

**DONE** at Galveston, Texas, this \_\_\_\_\_12th_____ day of April, 2013.

John R. Froeschner
United States Magistrate Judge